## MARTIN HOCK v. THE STATE.

No. 8280. Decided April 30, 1924.

**Selling Intoxicating Liquor—Continuance—Contest—Character of Testimony.**

Where the State filed a contest to the application for continuance setting out that the absent witness was not with the party mentioned on the occasion in question and introduced testimony thereon, held that a contest based upon such ground and supported by such testimony was not proper, these were questions for the jury and not for the court, and this being the first application for continuance, and the testimony appearing material, the same should have been granted.

Appeal from the District Court of Grayson. Tried below before the Honorable Silas Hare.

Appeal from a conviction of unlawfully selling intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*Tom Garrard,* Attorney for the State and *Grover C. Morris,* Assistant Attorney for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Grayson County of selling intoxicating liquor, and his punishment fixed at one year in the penitentiary.

There are two bills of exception in this record. One of them was to the refusal of a continuance. In his first application for a continuance appellant asked that the case be not tried because of the absence of Joe Hock, a brother of appellant, stating in the application that the absent witness had been duly served with subpoena and was sick with pneumonia and could not be present. As to the materiality of his testimony, it was stated in the application that if present he would testify that he came to the house of appellant on the 6th of February with the prosecuting witness Hill, and was with Hill during his entire stay at said house, and that he would swear that appellant made no sale of liquor to Hill on that occasion. The State filed a contest of this application for continuance setting up that Joe Hock was not with Hill on the occasion in question. Supporting this contest the State introduced before the learned trial judge the witness Hill who stated that Joe Hock was not with him at the time mentioned. Appellant introduced evidence before the court in support of the allegations of his application, showing by his testimony that Hock was present. A contest based upon such grounds and supported by such testimony, was not proper. The questions as to whether the witness was present and would swear as stated, were for the jury and could not be passed upon and settled adversely to the appellant by the trial court.

The application being the first made by appellant, and it appearing that the witness had been served with process and was a resident of the county of the forum, and was ill and unable to attend court, and that his testimony was material, we must conclude the learned trial judge in error in refusing to continue the case.

For the error mentioned the judgment will be reversed and the cause remanded.

*Reversed and remanded.*